■ MARION MILLER et al., Appellants, v JIM J. DUFFY et al., Respondents.—In an action, *inter alia,* for specific performance of an option to purchase a cooperative apartment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated February 22, 1989, as denied that branch of their motion which was to renew their opposition to that branch of the defendants' motion which was for summary judgment dismissing the third cause of action asserted in the complaint, which branch of the defendants' motion was granted by order of the same court dated January 19, 1989.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the provision thereof which denied that branch of the plaintiffs' motion which was to renew their opposition to that branch of the defendants' motion which was for summary judgment dismissing the third cause of action asserted in the complaint is deleted, and a provision is substituted therefor granting the plaintiffs leave to renew their opposition to that branch of the defendants' motion and, upon renewal, (1) vacating so much of order dated January 19, 1989, as dismissed the third cause of action, (2) denying that branch of the defendants' motion which was for summary judgment dismissing the third cause of action asserted in the complaint, and (3) severing that cause of action, and the matter is remitted to the Supreme Court, Kings County, for further proceedings with respect to that cause of action.

In their third cause of action, the plaintiffs demand specific performance of an option to purchase a certain cooperative apartment. The Supreme Court, Kings County, granted the defendants' motion for summary judgment dismissing the complaint. With respect to the third cause of action, the court's determination was based on its finding of fact that the plaintiffs had failed to exercise their option between April 1981 when the cooperative conversion plan was accepted for filing by the Attorney-General, until March 1983 when the cause of action for specific performance was first asserted.

In a subsequent motion denominated a motion to "renew and reargue", which is properly deemed one to renew, the plaintiffs demonstrated that the finding of fact made by the court was not supported by anything in the record and was, in fact, incorrect. In support of this contention, the plaintiffs

produced affidavits which established that the plaintiffs *did* make attempts to exercise their option in 1981. That the plaintiffs' efforts to exercise their option were not reflected in any writing is immaterial; the option agreement itself does not require that the option be exercised in writing, nor does the Statute of Frauds require that the option be exercised in writing *(see, Kaplan v Lippman,* 75 NY2d 320). The plaintiffs argued that they had failed to present their affidavits earlier because they did not know that the alleged untimeliness of the exercise of their option might serve as the basis for summary judgment. The court denied the plaintiffs renewal and this appeal followed.

The sole issue briefed by the parties on appeal is whether the court properly denied the plaintiffs' motion for renewal insofar as it relates to the third cause of action. We find that the court improvidently exercised its discretion in denying this aspect of the plaintiffs' motion to renew.

The court's original ruling was based on its application of the rule that, where no time limitation is expressed in the option agreement itself, a party must exercise his option within a reasonable time *(Easter Shopping Centers v Trenholm Motels,* 33 AD2d 930, 932). The court held that the plaintiffs had not acted within a "reasonable" time after April 1981 and that their option had therefore expired. However, this holding is based on what is clearly an error of fact, because the papers submitted with the defendants' summary judgment motion were silent as to when the plaintiffs had first exercised their option. If the defendants had sought to rely on this argument as a basis for summary judgment, it would have been their obligation to produce the relevant evidence; the plaintiffs, as the opponents of summary judgment, had no duty to lay bare their proof, since the defendants, as the proponents of summary judgment, had not shown their entitlement to summary judgment in the first instance *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851).

The plaintiffs sought permission to renew their opposition to the defendants' motion by producing, *inter alia,* proof that they had in fact attempted to exercise their option in 1981. This proof, which was not directly contradicted, was sufficient to demonstrate that the court's prior determination was based on a mistake of fact. Moreover, the plaintiffs had a reasonable excuse for not producing this information earlier, i.e., the fact that the defendants had not originally sought summary judgment on the precise ground ultimately relied upon by the court in granting summary judgment. "[I]t is improvident to

deny leave to renew where it may fairly be said that the new matter was not raised because of excusable mistake or inadvertence" *(Olean Urban Renewal Agency v Herman,* 101 AD2d 712, 713, citing *Wallach Agency v Bank of N. Y.,* 75 AD2d 878, 880). Since the plaintiffs' motion to renew demonstrated that the granting of summary judgment against them was based on a mistake of fact—a mistake of fact so clear as to constitute an error of law—denial of renewal was an improvident exercise of discretion. Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.