■ LAWRENCE LAUER, Appellant, v CHERYL RAPP et al., Respondents.—In an action to recover legal fees, in which a counterclaim was interposed to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 11, 1991, which denied his motion to renew his prior motion which had been denied by an order of the same court, dated November 13, 1990, to dismiss the counterclaim for failure to state a cause of action.

Ordered that the order dated February 11, 1991, is reversed, on the law, with costs, the motion to renew is granted and, upon renewal, the plaintiff's motion to dismiss the counterclaim to recover damages for legal malpractice is granted.

When first moving to dismiss the counterclaim, the plaintiff, an attorney, submitted an affirmation instead of an affidavit

in support of the motion. Since he was a party to the action, his submission of an affirmation, instead of an affidavit, was improper *(see, Slavenburg Corp. v Opus Apparel,* 53 NY2d 799). The court denied the motion to dismiss because it was unsupported by any affidavits. However, the plaintiff corrected the procedural error and submitted an affidavit along with his motion to renew. It was an improvident exercise of the court's discretion to deny the plaintiff's motion to renew *(see, Miller v Duffy,* 162 AD2d 438, 439-440; *S&D Petroleum Co. v Tamsett,* 144 AD2d 849), once the plaintiff's inadvertent mistake had been corrected.

The defendants' counterclaim sounding in legal malpractice alleged, *inter alia,* that the plaintiff had coerced and misled them into entering a stipulation of settlement with certain builders who had allegedly negligently constructed the defendants' home. The stipulation of settlement called for the builder to make all repairs necessary to bring the house up to code. According to the settlement, the Building Inspector of the Town of Mount Pleasant was to supply a list of defects and check off, or otherwise certify, that the repairs were done. The defendants' essential objection to the settlement is that the Town had already improperly issued a Certificate of Occupancy, and so could not now be relied upon to properly inspect the house. The defendants thereafter repudiated the stipulation of settlement and brought the counterclaim to recover damages for legal malpractice against the plaintiff.

"An action [sounding in] legal malpractice requires * * * three essential elements: (1) the negligence of the attorney; (2) that the negligence was the proximate cause of the loss sustained; and (3) * * * actual damages" *(Mendoza v Schlossman,* 87 AD2d 606, 606-607; *see also, Murphy v Stein,* 156 AD2d 546, 548). In the defendants' counterclaim, they fail to allege any actual damages, except in a conclusory fashion. The only substantive claim of damages made by the defendants is that the stipulation offers them no relief because, they claim, the Town Building Inspector cannot be relied upon to inspect their home properly. However, the Building Inspector, who had allegedly improperly issued the first Certificate of Occupancy, had died, and the new Building Inspector had already confirmed numerous defects in the house, and had testified in favor of the defendants herein in the underlying action against the builder, to help establish the existence of the defects in construction. In any event, an alleged fear that the Building Inspector might not properly inspect the house does not constitute an allegation of actual damages. Therefore, the

defendants have failed to state a cause of action upon which relief may be granted, and the counterclaim is dismissed. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.