■ GEORGE DOUMANIS et al., Appellants, v ROBERT CONZO et al., Respondents. (And Another Title.) [696 NYS2d 201] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered July 10, 1998, as, upon granting renewal of the defendants' cross motion for summary judgment dismissing the complaint, which was granted by order of the same court dated March 31, 1998, adhered to the prior determination.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants to the respondents.

In this action to recover damages for personal injuries, the Supreme Court, in an order dated March 31, 1998, granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that neither plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d). In opposition to the cross motion, the plaintiffs had submitted only papers subscribed by a chiropractor which were denominated as affirmations purportedly made under the authority of CPLR 2106, and related unsworn reports. The Supreme Court noted that those purported affirmations did not constitute competent evidence and, in any event, they contained only conclusory assertions which were insufficient to defeat the cross motion.

The Supreme Court correctly did not take cognizance of the purported affirmations. CPLR 2106 authorizes certain persons, provided that they are not parties to an action, to make a statement which, when subscribed and affirmed to be true under penalties of perjury, may be served and filed in an action in lieu of and with the same force and effect as an affidavit. Persons authorized by CPLR 2106 to make an affirmation may do so without the necessity of appearing before a notary or other official authorized by law to administer oaths or affirmations (*see,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2106, at 816). The statute permits attorneys admitted to practice in the courts of the State, and physicians, osteopaths, or dentists authorized by law to practice in the State, to make these statements. The statute does not afford chiropractors the privilege of doing so. Therefore, in order to make a competent, admissible affirmation, a chiropractor, like most other persons, must first appear before a notary or other such official and formally declare the truth of the contents of the document. Thus, in this case, the purported affirmations of the plaintiffs' chiropractor, which were not subscribed before a notary or other authorized official, were not entitled to judicial cognizance.

After the defendants' cross motion for summary judgment was granted, the plaintiffs moved for renewal, but merely submitted affidavits from the same chiropractor, sworn to before a notary, which were otherwise identical to the prior purported affirmations. The Supreme Court granted renewal, but adhered to the original determination. The plaintiffs contend that the Supreme Court, upon granting renewal, should not have adhered to its prior determination dismissing the complaint on the ground that neither plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d). However, we agree with the defendants that the Supreme Court erred by granting the plaintiffs' application for leave to renew. In support of the application, the plaintiffs merely submitted affidavits of a chiropractor which were identical to the prior purported affirmations made by the same witness. Since this evidence was not newly discovered, and the plaintiffs did not proffer any reasonable explanation for their failure to submit proper affidavits in opposition to the prior motion, renewal should not have been granted (*see, Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392; *Taylor v Brooklyn Hosp.,* 187 AD2d 714; *Echeverri v Flushing Hosp. & Med. Ctr.,* 123 AD2d 818).

In view of the foregoing, we have no occasion to consider the merits of the plaintiffs' contentions with respect to serious injury. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.