■ AURA PICHARDO, Appellant, v MARIA BLUM, Respondent. [700 NYS2d 863] —In an action to recover damages for personal injuries, the plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated November 25, 1998, as granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from an order of the same court (Brandveen, J.), dated June 8, 1999, which denied her motion to renew.

Ordered that the order dated November 25, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 8, 1999, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendant met her initial burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thus, it was incumbent on the plaintiff to come forward with admissible evidence to create an

issue of fact (see, Gaddy v Eyler, 79 NY2d 955, 956-957). We agree with the Supreme Court that the plaintiff failed to do so. In opposition to the cross motion the plaintiff submitted an affirmation by her treating chiropractor which was not in the form required by CPLR 2106.

Moreover, the affidavit of the same chiropractor submitted by the plaintiff on the motion to renew was not newly-discovered evidence. Since the plaintiff did not proffer any reasonable explanation for her failure to submit an affirmation or affidavit in the form required by CPLR 2106 in opposition to the defendant's cross motion, the Supreme Court properly denied renewal (see, Doumanis v Conzo, 265 AD2d 296). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.