◼ DOROTHEA WILCOX, Individually and as Administrator of the Estate of ROBERT W. WILCOX, SR., Deceased, Respondent, v DUNCAN F. WINTER, Appellant, et al., Defendant. [722 NYS2d 836] —Carpinello, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered June 1, 2000 in Rensselaer County, which, upon renewal, denied defendant Duncan F. Winter's motion for summary judgment dismissing the complaint against him.

Plaintiff is the widow of Robert W. Wilcox, Sr., as well as the administrator of his estate. This medical malpractice action stems from the ophthalmological treatment of Wilcox by defendant Duncan F. Winter (hereinafter defendant) between January 1992 and December 1992. Wilcox presented himself to defendant with complaints of eye tearing, inflammation, discomfort and loss of vision in both eyes, particularly his left eye. Plaintiff maintains that defendant committed malpractice in failing to exhaust all drug therapy options to address Wilcox's condition before resorting to a lens replacement surgery in September 1992. In addition, plaintiff contends that defendant also committed malpractice in failing to control Wilcox's iritis (eye inflammation) before that surgery despite the

substantial risk of postsurgical persistent iritis, a condition which can occur when an eye is operated upon while in an inflamed condition. According to plaintiff, these deviations resulted in chronic inflammation in Wilcox's left eye.

When defendant first moved for summary judgment, Supreme Court granted the motion because plaintiff failed to submit an unredacted copy of her expert witness affidavit to the court for its in camera review. Shortly thereafter, plaintiff sought renewal and submitted the unredacted copy to the court. In his attorney affidavit on the renewal application, plaintiff's counsel averred that he had redacted the expert affidavit in reliance on CPLR 3101 and acknowledged that the failure to submit an unredacted version to the court was "through mere inadvertence and mistake on [his] part." Supreme Court granted the motion to renew finding a reasonable excuse for the error and, turning to the merits, denied defendant's motion for summary judgment finding that plaintiff's expert had raised questions of fact. Defendant appeals.

We are unable to conclude that Supreme Court abused its discretion in granting plaintiff's motion to renew. There is no real dispute that the expert's opinion was actually in existence and executed in proper form when plaintiff originally opposed defendant's motion for summary judgment, that is, the opinion was set forth in an affidavit signed and sworn to by the expert before a notary public, thereby constituting competent evidence; however, because the unredacted version was not submitted for the court's in camera review, it could not verify same (cf., Palo v Latt, 270 AD2d 323, lv dismissed 95 NY2d 849 [affirmation of an expert unauthorized to practice medicine in this State does not constitute competent evidence]; Pichardo v Blum, 267 AD2d 441 [affirmation of a chiropractor does not constitute competent evidence]; Doumanis v Conzo, 265 AD2d 296 [affirmation of a chiropractor does not constitute competent evidence]; Stuart v Ellis Hosp., 198 AD2d 559 [unsworn letter of out-of-State expert does not constitute competent evidence]). Thus, but for counsel's unfamiliarity with the "generally acceptable procedure" in medical malpractice cases to redact the name of the expert and also submit an unredacted version to the trial court (Napierski v Finn, 229 AD2d 869, 870; see, CPLR 3101 [d] [1] [i]), the expert affidavit would have been sufficient to defeat defendant's motion for summary judgment.

Indeed, upon renewal, the only action taken by counsel was to provide Supreme Court with the unredacted copy; no alterations in form or substance were made (cf., Pichardo v Blum, supra; Doumanis v Conzo, supra). Clearly, the failure on

the part of plaintiff's counsel to provide Supreme Court with the unredacted version of the affidavit in the first instance was a simple procedural error and leave to renew was an entirely appropriate remedy to excuse it (see, Kaiser v J & S Realty, 194 AD2d 1034; Lauer v Rapp, 190 AD2d 778, 779; S & D Petroleum Co. v Tamsett, 144 AD2d 849, 849-850; see also, Lesanti v Harmac Indus., 175 AD2d 664; Matter of Kennedy v Coughlin, 172 AD2d 666; Watsky v Town of Ossining Planning Bd., 136 AD2d 634). To countenance defendant's argument that Supreme Court abused its discretion in this case would unnecessarily elevate form over substance and preclude an otherwise meritorious case based on an inadvertent mistake.

As to the merits, we agree with Supreme Court's conclusion that questions of fact have been raised precluding dismissal of any cause of action, including the informed consent claim.

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.