■ JESSE GIORDANO, Appellant, v CSC HOLDINGS, INC., Doing Business as THE WIZ, et al., Respondents. [815 NYS2d 471]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated April 15, 2004, which granted the motion of the defendants, CSC Holdings, Inc., doing business as The Wiz, 86th Street Equity Associates, LLC, and Todd Dworman, for summary judgment dismissing the complaint and denied his cross motion for an award of costs and to impose a sanction against the defendants pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the complaint is reinstated.

The Supreme Court's order, which was issued before the rulings of the Court of Appeals in *Brill v City of New York* (2 NY3d 648 [2004]), *Miceli v State Farm Mut. Auto. Ins. Co.* (3 NY3d 725 [2004]), and *Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. (Habiterra Assoc.)* (5 NY3d 514 [2005]), erroneously granted the defendants' motion for summary judgment dismissing the complaint. The

motion was made more than 60 days after the plaintiff filed a note of issue on January 30, 2003, in violation of rule 13 of the Uniform Civil Trial Rules of the Supreme Court, Kings County, and the defendants failed to establish good cause for the delay (*see* CPLR 3212 [a]; *Bevilacqua v City of New York,* 21 AD3d 340 [2005]; *First Union Auto Fin., Inc. v Donat,* 16 AD3d 372 [2005]; *cf. Brooks v Ross,* 24 AD3d 589 [2005]).

Under the circumstances presented, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for costs and sanctions pursuant to 22 NYCRR 130-1.1 (*see Burns v Palazola,* 22 AD3d 779 [2005]).

In light of our determination, we need not consider the parties' remaining contentions. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.