■ WINTHROP L. SIMPSON, Appellant, v TOMMY HILFIGER U.S.A., INC., Also Known as TOMMY HILFIGER SPORTSWEAR, INC., Respondent. [850 NYS2d 629]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated May 16, 2006, which denied those branches of his motion which were for leave to renew and reargue his prior motion to vacate an order of the same court dated July 11, 2005, granting the defendant's unopposed motion for summary judgment dismissing the complaint, which had been denied in an order dated January 18, 2006.

Ordered that the appeal from so much of the order dated May 16, 2006 as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 16, 2006 is reversed insofar as reviewed, on the law and in the exercise of discretion, without costs or disbursements, that branch of the plaintiff's motion which was for leave to renew his prior motion to vacate is granted, upon renewal, the order dated January 18, 2006 is vacated, the plaintiff's motion to vacate the order dated July 11, 2005 is granted, the order dated July 11, 2005 is vacated, and the defendant's motion for summary judgment dismissing the complaint is denied.

In April 2005 the defendant moved for summary judgment dismissing the complaint. The plaintiff failed to oppose the motion and by order dated July 11, 2005, the Supreme Court granted the motion. About one month later, the plaintiff moved to vacate the order dated July 11, 2005, claiming that his failure to oppose the defendant's motion for summary judgment was due to law office failure, and he asserted various grounds for opposing the defendant's motion. In opposition to the plaintiff's motion to vacate the default, the defendant contended, inter alia, that the plaintiff had failed to submit an affidavit of merit. In September 2005 the Supreme Court denied the plaintiff's motion to vacate the order dated July 11, 2005, with leave to renew upon proper papers, finding that the plaintiff had failed to submit an affidavit of merit. In November 2005 the plaintiff renewed his motion to vacate the order dated July 11, 2005, but, as the defendant pointed out in its opposition to this mo-

tion, the affidavit of merit submitted by the plaintiff was not executed before a person authorized to administer oaths (see CPLR 2309). In reply, the plaintiff submitted a properly notarized affidavit. By order dated January 18, 2006, however, the Supreme Court denied the plaintiff's renewed motion to vacate, refusing to consider the corrected affidavit because it was only submitted in reply. In February 2006 the plaintiff moved again for leave to renew and to reargue his motion to vacate the order dated July 11, 2005, this time referring to the affidavit of merit in admissible form, thus correcting his earlier, inadvertent procedural error.

CPLR 2221 (e) authorizes a motion for leave to renew based on "new facts not offered on the prior motion that would change the prior determination [provided there is] reasonable justification for the failure to present such facts on the prior motion." Here, it is true that the facts contained within the unnotarized affidavit were offered on the plaintiff's first renewal motion, but that affidavit was correctly rejected as not being in admissible form. It is also true that the same facts were contained in an admissible affidavit on the plaintiff's first renewal motion, but that affidavit was correctly rejected as improperly presented for the first time in reply papers (see *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355 [2005]). CPLR 2221 (e), however, has not been construed so narrowly as to disqualify, as "new facts not offered" on the earlier motion, facts contained in a document originally rejected for consideration because they were not in admissible form (compare *Lauer v Rapp*, 190 AD2d 778, 779 [1993], and *Miller v Duffy*, 162 AD2d 438, 439 [1990], with *Pichardo v Blum*, 267 AD2d 441, 442 [1999], and *Doumanis v Conzo*, 265 AD2d 296, 297 [1999]; see *Riggs v Pursell*, 74 NY 370, 379 [1878]; *DeLeonardis v Brown*, 15 AD3d 525, 526 [2005]; *S & D Petroleum Co. v Tamsett*, 144 AD2d 849, 849-850 [1988]; cf. *Ortiz v Tusa*, 300 AD2d 288 [2002]). Contrary to the Supreme Court's determination, while the affidavit may not represent newly-discovered evidence (see *Ortiz v Tusa*, 300 AD2d at 288; *Pichardo v Blum*, 267 AD2d at 441; *Doumanis v Conzo*, 265 AD2d at 296), this circumstance does not disqualify the motion as one for leave to renew. The key to qualifying such corrected evidence for treatment on a renewal motion is "reasonable justification" for failing to present it on the prior motion (CPLR 2221 [e] [3]; see *Miller v Duffy*, 162 AD2d at 439-440; cf. *Ortiz v Tusa*, 300 AD2d at 288; *Pichardo v Blum*, 267 AD2d at 441; *Doumanis v Conzo*, 265 AD2d at 296).

The explanation proffered by the plaintiff's counsel concerning the plaintiff's limitations in language and education and a

misunderstanding of the instructions for notarization in Jamaica, West Indies, where the plaintiff resides, qualified as a reasonable justification for failing to present the affidavit in admissible form in the moving papers of the first renewal motion (*see Miller v Duffy,* 162 AD2d at 438). Consequently, the Supreme Court erred in denying that branch of the plaintiff's motion which was for leave to renew (*see DeLeonardis v Brown,* 15 AD3d at 525; *Wester v Sussman,* 304 AD2d 656 [2003]; *Lauer v Rapp,* 190 AD2d at 778).

Upon renewal, the Supreme Court should have granted the plaintiff's motion to vacate the prior order dated July 11, 2005, in which the defendant's unopposed motion for summary judgment dismissing the complaint had been granted. The plaintiff demonstrated a reasonable excuse for his default (*see* CPLR 5015 [a] [1]) by showing that the default resulted from the law office failure of his attorney to calendar the return date of the summary judgment motion and to serve and file opposition papers. The defendant did not show that these failures of the plaintiff's counsel were either intentional or part of a pattern of willful default or neglect (*see Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.,* 37 AD3d 673 [2007]; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.,* 28 AD3d 630 [2006]; *Hageman v Home Depot U.S.A., Inc.,* 25 AD3d 760, 761 [2006]; *Gironda v Katzen,* 19 AD3d 644, 645 [2005]; *Liotti v Peace,* 15 AD3d 452, 453 [2005]). Moreover, in addition to establishing the existence of a meritorious cause of action in his affidavit of merit, which the Supreme Court rejected, the plaintiff demonstrated that the defendant's motion was untimely, thus establishing the existence of a meritorious opposition to the defendant's motion (*see St. Rose v McMorrow,* 43 AD3d 1146 [2007]; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.,* 28 AD3d 630 [2006]; *Henry v Kuveke,* 9 AD3d 476, 479 [2004]; *Parker v City of New York,* 272 AD2d 310, 310-311 [2000]). Since the record establishes that the defendant's motion for summary judgment was, in fact, untimely (*see* Uniform Civil Term Rules of the Supreme Court, Kings County, rule 13; *Brill v City of New York,* 2 NY3d 648 [2004]; *Pierre v Feldman,* 41 AD3d 454 [2007]; *Giordano v CSC Holdings, Inc.,* 29 AD3d 948, 948-949 [2006]; *Dettmann v Page,* 18 AD3d 422 [2005]; *cf. Ramos v Triboro Coach Corp.,* 31 AD3d 625 [2006]), it should have been denied. Crane, J.P., Florio, Lifson and Carni, JJ., concur.