Rios, J.
(dissenting and voting to affirm the order in the following memorandum). In support of the motion by Ricardo S. Cruz-Pena (defendant) to vacate so much of the June 22, 2011 default judgment as was against him and, in effect, the March 17, 2011 order granting, on default, plaintiffs motion for summary judgment as against him, defense counsel submitted affirmations which stated that, because of an error in following the law office’s usual scanning and filing procedures for incoming *91 motions, defense counsel had failed to properly calendar the initial return date and adjourned return date of the motion, which led to defense counsel’s failure to oppose plaintiffs motion for summary judgment. In my opinion, these submissions were sufficient to demonstrate an excusable default (see CPLR 5015 [a] [1]) based on law office failure (see People’s United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285 [2012] [plaintiffs delay in replying to counterclaims asserted against it by defendant resulted in part from counsel’s inadvertent miscalendaring of the time to reply]; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389 [2008] [plaintiffs default resulted from failure of his attorney to calendar return date of summary judgment motion and to serve and file opposition papers, which was neither intentional nor part of a pattern of willful default or neglect]; Brown v Ryder Truck Rental, 172 AD2d 477 [1991] [plaintiffs counsel’s “clerical oversight” constituting law office failure justifiably excused default in appearing at conference]). Therefore, I find that the Civil Court did not improvidently exercise its discretion in granting defendant’s motion to vacate so much of the June 22, 2011 default judgment as was against him and, in effect, the underlying March 17, 2011 order which granted, on default, plaintiffs motion for summary judgment as against him.
Accordingly, I respectfully dissent and vote to affirm the order.
Weston, J.E, and Aliotta, J., concur; Rios, J., dissents in a separate memorandum.