■ SHANNON GREEN, Appellant, v CANADA DRY BOTTLING COMPANY OF NEW YORK, L.P., et al., Respondents. [20 NYS3d 94]—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Siegal, J.), dated September 27, 2013, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, (2) a judgment of the same court, entered August 14, 2014, which, upon the order, is in favor of the defendants and against her dismissing the complaint, and (3) an order of the same court, dated November 10, 2014, which denied her motion for leave to renew and reargue her opposition to the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeals from the order dated September 27, 2013, and the judgment are dismissed; and it is further,

Ordered that the appeal from so much of the order dated November 10, 2014, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed; and it is further,

Ordered that the order dated November 10, 2014, is reversed insofar as reviewed, on the law, that branch of the plaintiff's motion which was for leave to renew is granted, upon renewal, the order dated September 27, 2013, is vacated and the defendants' motion for summary judgment dismissing the complaint is denied, and the judgment entered August 14, 2014, is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order dated September 27, 2013, must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]) and, in any event, has been rendered academic in light of our determination on the appeal from the order dated November 10, 2014. The appeal from the judgment entered August 14, 2014, also must be dismissed as academic in light of our determination on the appeal from the order dated November 10, 2014.

Moreover, the appeal from so much of the order dated

November 10, 2014, as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (*see Brown Bark II, L.P. v Weiss & Mahoney, Inc.*, 90 AD3d 963 [2011]; *Begum v Kallon*, 77 AD3d 866 [2010]).

Contrary to the plaintiff's contention, the defendants established, prima facie, that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff initially submitted an expert affirmation from her treating orthopedist, Dr. Raz Winiarsky, which the Supreme Court found deficient under CPLR 2106. In support of that branch of her motion which was for leave to renew, however, the plaintiff offered a supplemental affirmation by Dr. Winiarsky, which complied with CPLR 2106. Under the circumstances presented, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew (*see Arkin v Resnick*, 68 AD3d 692, 694 [2009]; *Darwick v Paternoster*, 56 AD3d 714, 714-715 [2008]; *Cespedes v McNamee*, 308 AD2d 409 [2003]; *Ramos v Dekhtyar*, 301 AD2d 428 [2003]; *cf. Pichardo v Blum*, 267 AD2d 441 [1999]; *Doumanis v Conzo*, 265 AD2d 296 [1999]).

Contrary to the defendants' contention, the supplemental affirmation of Dr. Winiarsky raised triable issues of fact as to whether the alleged injuries to the plaintiff's right shoulder constituted a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]), and whether such injuries were causally related to the subject accident (*see Compass v GAE Transp., Inc.*, 79 AD3d 1091, 1092 [2010]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint and, upon renewal, should have denied the motion. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.