Provek Plus, Inc., as Assignee of AYLEEN LUKE, Respondent, -
against
Tri-State Consumer Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Reginald A. Boddie, J.), entered July 8, 2013. The order denied defendant's motion for leave to renew its prior motion for summary judgment dismissing the complaint, which had been denied in an order of the same court entered April 23, 2013.




ORDERED that the order entered July 8, 2013 is reversed, with $30 costs, the branch of defendant's motion seeking leave to renew is granted, and, upon renewal, the order entered April 23, 2013 is vacated and defendant's prior motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground of lack of medical necessity. By order entered April 23, 2013, the Civil Court denied defendant's unopposed motion, finding that the affidavit of defendant's mail clerk demonstrated the existence of a triable issue of fact. Immediately thereafter, defendant moved for leave to renew based upon an affidavit which set forth that the mail clerk's affidavit had contained an inadvertent typographical error, and, upon renewal, for summary judgment dismissing the complaint. By order entered July 8, 2013, the Civil Court denied defendant's unopposed motion.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Empire State Conglomerates v Mahbur, 105 AD3d 898, 899 [2013]). While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance (see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586 [2012]). Here, defendant submitted an affidavit explaining that the affidavit of defendant's mail clerk, which was submitted in support of defendant's prior motion for summary judgment, contained an inadvertent typographical error with respect to the date on which the mail clerk was first employed by defendant. As a result, leave to renew should have been granted (see Miller v Duffy, 162 AD2d 438 [1990]; Olean Urban Renewal Agency v Herman, 101 AD2d 712 [*2][1984]).
The papers submitted by defendant in support of its motion were sufficient to establish that defendant had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) the verification requests and denial of claim forms at issue, which denied plaintiff's claims on the ground that the supplies furnished to plaintiff's assignor lacked medical necessity. Defendant also submitted an affirmed peer review report, which set forth a factual basis and medical rationale for the determination of defendant's doctor that there was no medical necessity for the supplies furnished. As defendant's prima facie showing was unrebutted by plaintiff, defendant was entitled to summary judgment dismissing the complaint (see Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v NY Cent. Mut. Fire Ins. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Accordingly, the order entered July 8, 2013 is reversed, the branch of defendant's motion seeking leave to renew is granted, and, upon renewal, the order entered April 23, 2013 is vacated and defendant's prior motion for summary judgment dismissing the complaint is granted.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 03, 2016