■ Nicola Cleasby et al., Respondents, v Suchitra S. Acharya, M.D., et al., Appellants. [56 NYS3d 280]—

Order, Supreme Court, New York County (Douglas E. McKeon, J.), entered May 27, 2016, which denied defendants' motion for summary judgment dismissing the complaint or, alternatively, to preclude plaintiffs' expert opinion or to direct a *Frye* hearing on plaintiffs' theories of causation, unanimously affirmed, without costs.

As an initial matter, plaintiffs' expert affirmation does not comply with CPLR 2106 (a), because the expert failed to state that he or she is licensed to practice medicine in the State of New York. This defect should have been corrected by submission of a compliant affirmation, but the affirmation raises a triable issue of fact, and plaintiffs may correct the defect before the motion court.

Defendants established prima facie that they did not depart from good and accepted medical practice through affidavits by three medical experts opining that the post-stroke treatment of the infant plaintiff with an anticoagulant for three months and then aspirin, after his condition had apparently improved, was good and accepted medical care.

In opposition, plaintiffs raised triable issues of fact as to whether there was a departure and whether such departure caused the infant's injuries. Plaintiffs' expert opined that defendants departed from accepted practice by discontinuing the anticoagulation therapy and treating the infant with aspirin when the radiology scans showed a moderate- to high-grade stenosis of the cerebral artery associated with his initial stroke. The expert opined that defendants also departed from accepted practice by discontinuing the anticoagulants before confirming the infant's lipoprotein (a) levels, which are associated with a high risk of stroke. The expert opined further that these departures were a substantial factor in causing the infant's second stroke and consequent disabilities (*see Malone v Kim*, 96 AD3d 477, 477 [1st Dept 2012]).

Contrary to defendants' contention, plaintiffs' expert's opinion is not based on novel theories subject to preclusion under *Frye v United States* (293 F 1013 [DC Cir 1923]), and does not warrant a preliminary *Frye*-type hearing. Plaintiffs' expert opined that defendants discontinued the anticoagula-

tion therapy prematurely, which contributed to the infant's second stroke. Following the second stroke, anticoagulants were resumed, and the infant remained on them. In light of the record support for anticoagulation as the preferred treatment for this patient, there is nothing novel about the theory that post-stroke anticoagulation therapy was correct or was superior to aspirin in this instance (*see Marsh v Smyth*, 12 AD3d 307, 311-112 [1st Dept 2004, Saxe, J., concurring]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Richter, Kapnick and Webber, JJ.