Stradtman v Cavaretta (2020 NY Slip Op 00738)





Stradtman v Cavaretta


2020 NY Slip Op 00738


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


831 CA 19-00398

[*1]KERMIT G. STRADTMAN, JR., INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF KELLY L. STRADTMAN, DECEASED, PLAINTIFF-APPELLANT,
v
MARK CAVARETTA, JOSEPH A. CARUANA, SYNERGY BARIATRICS, P.C., AND JOSEPH A. CARUANA, M.D., P.C., DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (JOHN P. DANIEU OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered November 16, 2018. The order denied plaintiff's motion for leave to renew and reargue his opposition to defendants' motion for summary judgment. 
It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is dismissed, and the order is modified on the law by granting that part of plaintiff's motion seeking leave to renew, and upon renewal, denying defendants' motion for summary judgment and reinstating the complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action alleging that the negligence of defendants during their treatment of plaintiff's decedent, which included abdominal surgeries performed on July 1 and July 6, 2013, caused decedent to suffer serious injuries and caused her eventual death. In appeal No. 1, plaintiff appeals from an order that granted defendants' motion for summary judgment dismissing the complaint. In appeal No. 2, plaintiff appeals from an order that denied his motion for leave to reargue and renew his opposition to defendants' motion. Insofar as the order in appeal No. 2 denied that part of plaintiff's motion seeking leave to reargue, it is not appealable and we therefore dismiss the appeal to that extent (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]).
With respect to the merits, we conclude that Supreme Court properly determined that defendants met their initial burden on their motion for summary judgment dismissing the complaint and that plaintiff failed to raise an issue of fact with his initial submissions in opposition. Nevertheless, we conclude in appeal No. 2 that the court erred in denying that part of plaintiff's motion seeking leave to renew his opposition to defendants' motion, and upon renewal, we further conclude that the new evidence submitted by plaintiff raised a triable issue of fact. We therefore modify the order in appeal No. 2 by granting that part of plaintiff's motion seeking leave to renew, and upon renewal, denying defendants' motion for summary judgment and reinstating the complaint. In light of that determination, we dismiss appeal No. 1 (see generally Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
On their motion for summary judgment dismissing the complaint, defendants had "the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause [decedent's] injuries" [*2](Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017] [internal quotation marks omitted]; see Isensee v Upstate Orthopedics, LLP, 174 AD3d 1520, 1521 [4th Dept 2019]). We conclude that the affidavit of defendant Joseph A. Caruana was sufficient to meet that burden inasmuch as it was "detailed, specific, and factual in nature," and it "address[ed] each of the specific factual claims of negligence raised in . . . plaintiff's bill of particulars" (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015] [internal quotation marks omitted]; see Shattuck v Anain, 174 AD3d 1339, 1339 [4th Dept 2019]). Contrary to plaintiff's contention, Caruana's affidavit did not contradict his prior deposition testimony. Rather, Caruana's affidavit and deposition were consistent that the surgery performed on July 6, 2013 was intended to address decedent's pneumatosis, ischemia, and other conditions, because the surgery would relieve her underlying bowel obstruction.
Because "defendants met their burden on both compliance with the accepted standard of care and proximate cause, the burden shifted to plaintiff[] to raise triable issues of fact by submitting an expert's affidavit both attesting to a departure from the accepted standard of care and that defendants' departure from that standard of care was a proximate cause of the injur[ies]" (Isensee, 174 AD3d at 1522; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]). Here, plaintiff submitted an affirmation of an expert surgeon in opposition to defendants' motion, and the court properly determined that the affirmation of plaintiff's expert was not in admissible form inasmuch as it did not comply with CPLR 2106 (a) (see Cleasby v Acharya, 150 AD3d 605, 605 [1st Dept 2017]). Specifically, plaintiff's expert "failed to state that he or she [was] licensed to practice medicine in the State of New York" (Cleasby, 150 AD3d at 605). Thus, plaintiff failed to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact" (Alvarez, 68 NY2d at 324).
Plaintiff, however, cured the technical defect in his expert's affirmation by submitting in support of his motion for leave to renew an affidavit from his expert, which included the statement that the expert was licensed to practice medicine in New York. Plaintiff also provided a reasonable justification for the failure to include that necessary information in the original affirmation (see CPLR 2221 [e] [3]; Doe v North Tonawanda Cent. School Dist., 91 AD3d 1283, 1284 [4th Dept 2012]). We therefore conclude that the court erred in denying that part of plaintiff's motion seeking leave to renew his opposition to defendants' motion (see Green v Canada Dry Bottling Co. of N.Y., L.P., 133 AD3d 566, 567 [2d Dept 2015]; Koufalis v Logreira, 102 AD3d 750, 750 [2d Dept 2013]; Arkin v Resnick, 68 AD3d 692, 693-694 [2d Dept 2009]).
We further conclude that, upon renewal, the opinions rendered by plaintiff's expert were sufficient to raise triable issues of fact. We agree with plaintiff that the court erred in determining that his expert lacked "the requisite skill, training, education, knowledge or experience from which it can be assumed that [the expert's] opinion rendered . . . is reliable" (Payne v Buffalo Gen. Hosp., 96 AD3d 1628, 1629-1630 [4th Dept 2012] [internal quotation marks omitted]; see Fay v Satterly, 158 AD3d 1220, 1221 [4th Dept 2018]). It is well settled that "[a] physician need not be a specialist in a particular field to qualify as a medical expert and any alleged lack of knowledge in a particular area of expertise goes to the weight and not the admissibility of the testimony" (Moon Ok Kwon v Martin, 19 AD3d 664, 664 [2d Dept 2005]; see Borawski v Huang, 34 AD3d 409, 410-411 [2d Dept 2006]; Corcino v Filstein, 32 AD3d 201, 202 [1st Dept 2006]).
We also agree with plaintiff that the court erred in determining that the expert's opinions were " speculative or unsupported by any evidentiary foundation' " (Occhino, 151 AD3d at 1871, quoting Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). The expert's opinion was appropriately based in part on evidence in the record, i.e., decedent's medical records (see generally Admiral Ins. Co. v Joy Contrs., Inc., 19 NY3d 448, 457 [2012]; Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [1984]). Those records included a CT scan of decedent revealing pneumatosis, which, according to Caruana's testimony, suggested that decedent's bowel was dying. The records also included the autopsy report, confirming that the cause of decedent's death was the passing of gastrointestinal contents through the wall of the dying bowel. Based on that information, the expert opined: "once a CT reveals pneumatosis, standards of care require that a surgeon visually inspects all of the portions of the bowel in the operating room. This is because bowel ischemia may or may not be reversible, and in case ischemia cannot be reversed, a bowel resection is necessary to save a patient's life." According to the expert, defendants deviated from the appropriate standard of care by failing to perform an [*3]"exploratory laparotomy of the entire bowel and abdominal cavity . . . to address the source of [decedent's] sepsis," and defendants' deviation from the standard of care caused decedent's death.
We respectfully disagree with the dissent's conclusion that the expert opinion is conclusory. The opinion is not conclusory because it is supported by ample evidence that, if defendants had performed an exploratory laparotomy of the entire bowel, they would have discovered that resection of the dying bowel was medically necessary, and, furthermore, that resection of decedent's dying bowel would have saved her life (see Reid v Soults, 138 AD3d 1087, 1090 [2d Dept 2016]; cf. Diaz, 99 NY2d at 544-545).
All concur except Peradotto, J., who dissents in part and votes to modify in accordance with the following memorandum: I respectfully dissent in part in appeal No. 2. Although I agree with the majority that Supreme Court erred in denying plaintiff's motion for leave to renew his opposition to defendants' motion for summary judgment dismissing the complaint, upon renewal I would adhere to the court's determination to grant defendants' motion and dismiss the complaint. I agree with defendants that the affirmation of plaintiff's expert submitted upon renewal in opposition to defendants' motion is conclusory and therefore insufficient to raise a triable issue of material fact whether the alleged malpractice of defendants was a proximate cause of the death of plaintiff's decedent (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Plaintiff's expert "failed to articulate, in a nonconclusory fashion" that the alleged injuries to plaintiff's decedent would not have occurred absent the alleged malpractice of defendants (Goldsmith v Taverni, 90 AD3d 704, 705 [2d Dept 2011]; see generally Diaz, 99 NY2d at 544). Specifically, the expert failed to opine how a full abdominal exploration would have prevented the clinical deterioration of plaintiff's decedent or prevented her ultimate death in this case (see Poblocki v Todoro, 49 AD3d 1239, 1240 [4th Dept 2008]; Sawczyn v Red Roof Inns, Inc., 15 AD3d 851, 852 [4th Dept 2005], lv denied 5 NY3d 710 [2005]; Koeppel v Park, 228 AD2d 288, 290 [1st Dept 1996]). I therefore would modify the order in appeal No. 2 by granting that part of plaintiff's motion seeking leave to renew his opposition to defendants' motion for summary judgment and, upon renewal, adhere to the court's determination to grant defendants' motion and dismiss the complaint.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court