<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a (Hsiu-Pei Lo) (2020 NY Slip Op 01238)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a (Hsiu-Pei Lo)

2020 NY Slip Op 01238

Decided on February 20, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="02202020">Decided and Entered: February 20, 2020</DateLine>

PM-33-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Hsiu-Pei Lo, Respondent. (Attorney Registration No. 4512026.)

<DateLine type="prior_case_filed">Calendar Date: January 27, 2020</DateLine>

Before: Egan, Jr., J.P., Clark, Devine, Aarons and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Hsiu-Pei Lo, New Taipei City, Taiwan, respondent pro se.

Per Curiam.

Respondent was admitted to practice by this Court in 2007 and currently lists a business address in Taiwan with the Office of Court Administration. By May 2019 order of this Court, respondent was suspended from the practice of law for conduct prejudicial to the administration of justice arising from respondent's noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 since 2011 (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1738 [2019]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent moved for reinstatement in November 2019, but such motion was dismissed as defective due to its omission of certain information (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468 [Dahan], 176 AD3d 1564 [2019]. Now, having offered "new facts not offered on the prior motion" (CPLR 2221 [e] [2]), respondent seeks to renew the November 2019 motion. The Attorney Grievance Committee for the Third Judicial Department and the Lawyers' Fund for Client Protection both advise that they have no objection to respondent's motion and defer to the Court's discretion regarding its disposition.

Having concluded that respondent's omission of crucial information in the November 2019 motion was an inadvertent error, we deem renewal to be an appropriate remedy under the circumstances and therefore grant respondent's motion for leave to renew (see Wilcox v Winter, 282 AD2d 862, 864 [2001]). Furthermore, upon renewal, we grant respondent's motion for reinstatement. Notably, the application contains the appropriate attestation to respondent's compliance with the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix D, ¶ 12). Furthermore, Office of Court Administration records confirm that respondent is now current with all biennial registration requirements and has cured the delinquency that resulted in this Court's suspension order (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Moreover, having reviewed the submitted materials and respondent's affidavit, we are satisfied that respondent has sufficiently complied with the order of suspension and the Rules of this Court, has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate respondent to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Stonner], 175 AD3d 799 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Dorsett], 174 AD3d 1219 [2019]).

Egan, Jr., J.P., Clark, Devine, Aarons and Colangelo, concur.

ORDERED that respondent's motion for renewal is granted and, upon renewal, respondent's motion for reinstatement is granted; and it is further

ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>