■ ALBERT CASTRO, Respondent, v LIBERTY BUS Co., Appellant, et al., Defendants. — Appeal by defendant Liberty Bus· Co. from (1) an order of the Supreme Court, Rockland County, entered July 2, 1980, which denied its motion for summary judgment dismissing plaintiff's complaint as to it, and (2)

an order of the same court, entered August 14, 1980, which denied its motion which, in effect, was for renewal. Order entered August 14, 1980 reversed, on the law, without costs or disbursements, order entered July 2, 1980, vacated, appellant's motion for summary judgment granted and complaint dismissed as to it. Appeal from' order entered July 2, 1980 dismissed as academic, without costs or disbursements. Plaintiff alleges that he was injured in a multiple vehicle collision. One of the vehicles involved was a bus bearing License Plate No. 4982 BC. Plaintiff's complaint alleges that defendant Liberty Bus Co. (hereinafter Liberty) was the owner of that bus. The answer of Liberty denies ownership. Liberty moved for summary judgment dismissing plaintiff's complaint as to it. In support of its motion it submitted (1) the 1980 certificate of registration of the bus bearing License Plate No. 4982 BC which stated that it was owned by the Riverdale Transit Corp. and (2) an "arbitration ticket" concerning arbitration proceedings between plaintiff's employer, whose vehicle was also damaged in the' accident, and the Riverdale Transit Corp. In opposition to this motion, plaintiff's attorney submitted an affirmation in which he averred that shortly after the accident his office made an investigation that revealed that Liberty was the owner of the vehicle in question. He claimed that the certificate of registration for 1980 did not reveal who owned the bus in 1977 when the accident happened. Special Term, by order entered July 2, 1980, denied the motion for summary judgment. Shortly thereafter, Liberty made a motion denominated as one for "reargument" which was supported by additional proof of its nonownership of the bus at the time of the accident. The additional proof consisted of the police report made at the accident scene showing that the owner of the bus bearing License Plate No. 4982 BC was the Riverdale Transit Corp. Although this motion apparently went unopposed by plaintiff, Special Term, by order entered August 14, 1980, denied it, without opinion. Since the motion leading to this order was based upon new and additional proof it was one in the nature of renewal, not reargument, and this court will look beyond the misnomer to review it on the merits (see Siegel, New York Practice, § 254; *Turkel v I. M. I. Warp Knits,* 50 AD2d 543; *Estrow v Wilson,* 30 AD2d 646). In order to prove its claim that it did not own the bus in question Liberty submitted the police report, the form filled out by plaintiff's employer seeking arbitration from another bus company as a result of the accident and the 1980 certificate of registration for the vehicle bearing License Plate No. 4982 BC. Special Term held that this last document was insufficient to establish defendant's nonownership in 1977. However, it appears from the regulations of the Commissioner of Motor Vehicles that license plates can only be renewed by the same owner (15 NYCRR 17.1). It follows that since License Plate No. 4982 BC was registered to Riverdale Transit Corp. in 1980 it must have been registered to the same owner in 1977. In opposition to Liberty's proof, plaintiff submitted only the conclusory allegations of his attorney, who was without personal knowledge of the facts. It has long been the rule that a party opposing a motion for summary judgment must assemble, lay bare and reveal his proof in order to establish that the matters set forth in his pleading are real and capable of being established at a trial *(Di Sabato v Soffes,* 9 AD2d 297, 301). Plaintiff having failed to adduce such proof, Liberty's motion for summary judgment should have been granted. Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.