■ LA TOURAINE COFFEE CO., INC., Appellant, v AL DEPPE'S DINER, INC., et al., Respondents. — In an action to recover moneys owed primarily on notes and personal guarantees, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Goldberg, J.), entered March 16, 1982, as denied those branches of its motion as sought summary judgment with respect to causes of action Nos. 1 through 13 and 22.

Order reversed insofar as appealed from, on the law, with costs, the aforenoted branches of plaintiff's motion for summary judgment granted as to causes of action Nos. 1 through 13 and 22, and matter remitted to Special Term for entry of an appropriate judgment which shall include attorney's fees to which

plaintiff is entitled under the agreements entered into by the parties providing for attorney's fees of 15% of the sum recovered.

On this motion for summary judgment, the movant produced evidentiary facts supporting the causes of action at issue and indicating the lack of a triable issue of fact. Defendants' papers submitted in opposition contain only conclusory statements and no evidentiary facts or documents demonstrating the existence of a triable issue of fact. In the absence of such an evidentiary showing, plaintiff's motion for summary judgment must be granted to the extent indicated herein (*Indig v Finkelstein*, 23 NY2d 728; *Castro v Liberty Bus Co.*, 79 AD2d 1014). Mollen, P. J., Lazer, Mangano and Rubin, JJ., concur.