■ SHIRLEY WEINER et al., Appellants, v D. F. BATCHIE PLUMBING AND HEATING Co. et al., Defendants, and CITY OF WHITE PLAINS, Respondent.—In an action to recover damages for wrongful death and personal injuries, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Green, J.), dated October 31, 1984, which granted the motion of the defendant City of White Plains for summary judgment dismissing the complaint insofar as it is asserted against it.

Order affirmed, without costs or disbursements.

The plaintiffs seek to impose liability upon the City of White Plains (hereinafter the city) for allegedly violating a special duty by issuing a permit and "blue card" for the installation of a gas conversion burner which, the plaintiffs allege, was defective and emitted a noxious chemical which resulted in the asphyxiation of the decedent Hyman Weiner and personal injuries to the plaintiff Shirley Weiner.

The city's issuance of a permit and/or "blue card" creates a special relationship only when the city knew that a dangerous condition existed at the time of issuance (see, Dutton v Mitek Realty Corp., 95 AD2d 769). The rule is stated in Garrett v Holiday Inns (58 NY2d 253, 263), as follows: "Although it has been held that the grant or denial of a building permit involves a discretionary governmental function, the exercise of which may not form the basis for liability in tort (e.g., Rothkamp v Young, 21 AD2d 373, affd on opn below, 15 NY2d 831), a different situation is presented here. The town had a duty, in the face of the alleged blatant and dangerous code violations, to refuse to issue a certificate of occupancy."

In opposing a motion for summary judgment, the plaintiffs must lay bare and reveal their proof and show facts sufficient to require a trial of any issue of fact (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065; Castro v Liberty Bus Co., 79 AD2d 1014).

In this case the plaintiffs totally failed to set forth any proof tending to establish that the city had any notice of any fire or safety code violations or any defects in the gas conversion burner or appurtenances. Neither the complaint nor the bill of particulars alleges that the city knew or should have known of blatant or dangerous violations or defects. Further, the plaintiffs failed to annex an affidavit by an expert which could indicate, circumstantially, such knowledge by the city's inspector. In the absence of such proof, there is no special

relationship between the plaintiffs and the city and, therefore, no municipal responsibility for negligence. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.