■ In the Matter of ATLANTIC MUTUAL INSURANCE Co., Appellant, v BRUCE COOPER, Respondent. [668 NYS2d 588] —Order and judgment, Supreme Court, New York County (Ronald Zweibel, J.), both entered July 16, 1997, which denied petitioner's application to stay arbitration of respondent's uninsured motorist claim, and directed the parties to proceed to arbitration, unanimously affirmed, with costs.

Petitioner's claim that respondent did not obtain its consent before releasing the owner and driver of the offending vehicle, and thereby failed to comply with a condition precedent to arbitration, is refuted by the letter, sent certified mail, return receipt requested, from respondent's attorney to petitioner informing it of the settlement offer from the offending driver's insurer, and by the absence of evidentiary proof in admissible form that petitioner responded in any manner to that letter within 30 days, let alone that it offered to advance the proposed settlement amount to respondent (*see*, 11 NYCRR 60-2.3 [e] [III] [Condition 10]; *compare*, *Matter of State Farm Mut. Auto. Ins. Co. v Hardina*, 225 AD2d 486). The conclusory statements by petitioner's attorney, who lacks personal knowledge of any communications between petitioner and respondent or respondent's attorney, that petitioner had orally agreed within the requisite 30-day period to advance the settlement amount are insufficient to warrant a hearing as to whether such an offer was in fact made. We have considered petitioner's claims that respondent has also failed to comply with the policy provisions concerning an examination under oath and a physical examination, and find them to be without merit. Concur—Milonas, J. P., Williams, Tom and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVELYN REYES, Appellant. [668 NYS2d 349] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 8, 1996, convicting defendant, upon her plea of guilty, of murder in the second degree, and sentencing her to a term of 15 years to life, unanimously affirmed.

The court properly denied defendant's motion to withdraw her plea. Despite specific inquiry by the court, defendant did not provide details as to her allegation of coercion. Nor did she respond to the court's request that she explain why counsel was allegedly ineffective. In fact, defendant admitted that she sought to withdraw her plea because she only wanted a shorter sentence. After counsel and defendant were afforded an opportunity to present their arguments, the court appropriately denied the motion without ordering any further hearing (*see*, *People v Frederick*, 45 NY2d 520). Concur—Sullivan, J. P., Wallach, Williams and Andrias, JJ.