■ In the Matter of GLOBAL LIBERTY INSURANCE COMPANY, Appellant, v TAREK ABDELHAQ, Respondent. [830 NYS2d 214]—

In a proceeding to permanently stay arbitration of a claim for no-fault benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered February 21, 2006, as denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner contends that arbitration of its insured's no-fault claim should have been stayed on the ground that its insured was entitled to workers' compensation benefits as his primary coverage. The insured's claim for workers' compensation benefits was denied on the ground that "a self employed cab driver who owns his own cab" is not required to carry workers' compensation insurance on himself.

In this regard, the petitioner contends that the insured's "base affiliation" with Kenmore Cab Dispatch Service, Inc. (hereinafter Kenmore), obligated the latter to secure workers' compensation coverage for the insured. However, the petitioner failed to submit evidence that Kenmore was the insured's employer at the time of the accident (*see Matter of Olistin v Wellington*, 3 AD3d 618 [2004]). Indeed, the petitioner stated in its petition that the insured violated his insurance contract "by not informing" the petitioner that "he left his base affiliation" with Kenmore. Moreover, the petitioner failed to include a copy of the insurance policy in the record, and failed to submit any evidence in admissible form that the insured actually violated his insurance contract. Indeed, the petitioner asserted in the petition that it was "not denying coverage on that basis."

In view of the foregoing, the petitioner failed to set forth a basis for permanently staying arbitration of the insured's no-fault insurance claim. Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.