Durham Commercial Capital Corp. v Arunachalam (2020 NY Slip Op 02024)





Durham Commercial Capital Corp. v Arunachalam


2020 NY Slip Op 02024


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1277 CA 19-00045

[*1]DURHAM COMMERCIAL CAPITAL CORP., PLAINTIFF-APPELLANT,
v
KRISHNAN ARUNACHALAM, ET AL., DEFENDANTS. KRISHNAN ARUNACHALAM, THIRD-PARTY PLAINTIFF, 
 BANK OF AMERICA, N.A., THIRD-PARTY DEFENDANT-RESPONDENT. 






PAUL F. SHANAHAN, PITTSFORD, FOR PLAINTIFF-APPELLANT. 
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, ALBANY (CHRISTOPHER A. PRIORE OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered December 20, 2018. The judgment, among other things, granted the cross motion of third-party defendant for summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action asserting in an amended complaint three direct causes of action against third-party defendant Bank of America, N.A. (Bank of America), i.e., fraud and aiding and abetting fraud, negligent misrepresentation, and fraud in the inducement. In those causes of action, plaintiff alleged, inter alia, that Bank of America and/or its employees or agents did not exercise reasonable care when notarizing certain signatures and/or knew the purported signatures were false, but nevertheless notarized the subject documents. Plaintiff moved for summary judgment on the amended complaint against Bank of America, and Bank of America cross-moved for summary judgment dismissing the amended complaint against it. Supreme Court, upon determining that Georgia law applies to this action, denied plaintiff's motion, granted Bank of America's cross motion, and dismissed plaintiff's amended complaint against Bank of America. We affirm.
Preliminarily, plaintiff contends that the court erred in concluding that its prior choice of law determination involving the third-party action constituted the law of the case. Even assuming, arguendo, that the court correctly applied the doctrine of law of the case, we are "not bound by the doctrine of law of the case, and may make [our] own determinations" (Micro-Link, LLC v Town of Amherst, 155 AD3d 1638, 1642 [4th Dept 2017] [internal quotation marks omitted]; see generally Martin v City of Cohoes, 37 NY2d 162, 165 [1975], rearg denied 37 NY2d 817 [1975]).
Contrary to plaintiff's contention, the court correctly determined that Georgia law applies to this action. At the time of the alleged improper notarizations, plaintiff was a domiciliary of New York and Bank of America was a domiciliary of North Carolina (see generally U.S. Bank N.A. v Bank of Am., N.A., 2012 WL 6136017, *1, 2012 US Dist LEXIS 176157, *3 [SD NY, Dec. 11, 2012, No. 12-Civ-4873 (CM)]). The situs of the alleged torts is in Georgia. No issues [*2]with respect to the notary laws in North Carolina have been advanced by the parties. As relevant here, there is a conflict between the law of New York and the law of Georgia with respect to whether an employer may be liable for the misconduct of employees acting as notaries public (compare Maloney v Stone, 195 AD2d 1065, 1068 [4th Dept 1993], with Anthony v American Gen. Fin. Servs., Inc., 287 Ga 448, 451-452, 697 SE2d 166, 169-170 [2010]), and the conflicting laws relate to the allocation of losses among the parties rather than the regulation of conduct (see generally Schultz v Boy Scouts of Am., 65 NY2d 189, 192, 196-198 [1985]). If the conflicting laws regulate conduct, the law of the place of the tort applies because of the "locus jurisdiction's interests in protecting the reasonable expectations of the parties" and "the admonitory effect that applying its law will have on similar conduct in the future" (id. at 198). Where, however, the conflicting laws relate to the allocation of losses, then "considerations of the State's admonitory interest and party reliance are less important" (id.). Nevertheless, pursuant to the third rule set forth in Neumeier v Kuehner (31 NY2d 121, 128 [1972]), i.e., where the parties are domiciled in different states with conflicting laws, the law of the place of the tort normally applies, unless displacing it "will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants" (id. [internal quotation marks omitted]). We conclude that plaintiff "failed to establish that the exception applies to warrant a departure from the locus jurisdiction rule" (Bodea v TransNat Express, 286 AD2d 5, 11 [4th Dept 2001]), and thus the third Neumeier rule warrants the application of the law of Georgia in this action (see generally Burnett v Columbus McKinnon Corp., 69 AD3d 58, 63 [4th Dept 2009]).
Contrary to plaintiff's further contentions, the court properly denied its motion and granted Bank of America's cross motion based on the application of Georgia law. Plaintiff's causes of action against Bank of America hinge upon a theory of respondeat superior, and Georgia law provides for no such responsibility under the circumstances of this case. Under Georgia law, "a corporation or other non-notary may not be directly liable for violations of [the relevant Georgia statute providing protection to consumers of notarial services], and a corporation or other employer may not be vicariously liable for violations committed by an employee notary" (Anthony, 287 Ga at 452, 697 SE2d at 170; see also Branch Banking & Trust Co. v Morrisroe, 323 Ga App 248, 250, 746 SE2d 859, 861 [2013]). While, under Georgia law, "the corporation (or other person) may still be liable if it participates in or procures the notary's violations" (Anthony, 287 Ga at 452, 697 SE2d at 170), the record establishes that Bank of America did not engage in any such conduct.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court