County of Erie v Gateway-Longview, Inc. (2021 NY Slip Op 02631)





County of Erie v Gateway-Longview, Inc.


2021 NY Slip Op 02631


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


157 CA 20-00665

[*1]COUNTY OF ERIE, PLAINTIFF-APPELLANT,
v
GATEWAY-LONGVIEW, INC., ET AL., DEFENDANTS, AND PHILADELPHIA INSURANCE COMPANIES, DEFENDANT-RESPONDENT. 






FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C., NEW YORK CITY (CHRISTOPHER T. BRADLEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered November 7, 2019. The judgment, insofar as appealed from, granted the motion of defendant Philadelphia Insurance Companies for summary judgment declaring that it had no obligation to defend or indemnify plaintiff. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Philadelphia Insurance Companies is denied, and the declarations are vacated.
Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that the Philadelphia Insurance Companies (defendant) is obligated to defend and indemnify it as an additional insured in the underlying actions. Defendant moved for summary judgment, inter alia, declaring that it had no obligation to defend or indemnify plaintiff on the ground that plaintiff is not an additional insured under the relevant policy. Supreme Court granted the motion. Plaintiff appeals from the ensuing judgment to the extent that it granted the motion, and we reverse the judgment insofar as appealed from.
Contrary to plaintiff's initial contention, the court did not abuse its discretion in allowing defendant on its motion to submit a certified copy of the subject insurance policy in reply (see CPLR 2001; Bacon & Seiler Constructors, Inc. v Solvay Iron Works, Inc., 185 AD3d 1390, 1391-1392 [4th Dept 2020]; Gallway v Muintir, LLC, 142 AD3d 948, 949 [2d Dept 2016]; see also Calhoun v Midrox Ins. Co., 165 AD3d 1450, 1451 n [3d Dept 2018]). Defendant raised no new arguments regarding the policy and, instead, simply corrected the defect in admissibility by providing a certified copy of the same policy that it had provided in its moving papers (cf. DiPizio v DiPizio, 81 AD3d 1369, 1370 [4th Dept 2011]; Oeffler v Miles, Inc., 241 AD2d 822, 824 [3d Dept 1997]).
We agree with plaintiff, however, that defendant failed to satisfy its initial burden on the motion of establishing that plaintiff was not entitled to additional insured coverage under defendant's policy. "It is well established that a certificate of insurance, by itself, does not confer insurance coverage, particularly [where, as here,] the certificate expressly provides that it is issued as a matter of information only and confers no rights upon the certificate holder [and] does not amend, extend or alter the coverage afforded by the policies" (Landsman Dev. Corp. v RLI Ins. Co., 149 AD3d 1489, 1490 [4th Dept 2017] [internal quotation marks omitted]). "A certificate of insurance is only evidence of a carrier's intent to provide coverage but is not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists" (id. at 1490-1491 [internal quotation marks omitted]).
" 'Nevertheless, an insurance company that issues a certificate of insurance naming a particular party as an additional insured may be estopped from denying coverage to that party where the party reasonably relies on the certificate of insurance to its detriment' " (id. at 1491). " 'For estoppel based upon the issuance of a certificate of insurance to apply, however, the certificate must have been issued by the insurer itself or by an agent of the insurer' " (id.).
Here, we conclude that there is an issue of fact whether defendant is estopped from denying additional insured coverage to plaintiff. In its moving papers, defendant did not present any evidence addressing plaintiff's reliance on the certificate of insurance or establishing that "neither it nor an authorized agent issued the certificate[] of insurance" (id.; cf. Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co., 74 AD3d 1751, 1753 [4th Dept 2010]). Defendant's "[f]ailure to make such a [prima facie] showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Finally, even assuming, arguendo, that defendant is correct that the court's earlier denial of a prior motion made by plaintiff for summary judgment declaring plaintiff to be an insured under defendant's policy constitutes law of the case, "we are 'not bound by the doctrine of law of the case, and may make [our] own determinations' " (Durham Commercial Capital Corp. v Arunachalam, 181 AD3d 1348, 1349 [4th Dept 2020]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court