Matter of All Am. Ins. Co. v Wilson (2022 NY Slip Op 04449)

Matter of All Am. Ins. Co. v Wilson

2022 NY Slip Op 04449

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

316 CA 21-00706

[*1]ALL AMERICA INSURANCE COMPANY, PETITIONER-APPELLANT,
v
TENNILLE WILSON, RESPONDENT-RESPONDENT. 

SELTZER & ASSOCIATES, PLLC, NEW YORK CITY (JOSHUA L. SELTZER OF COUNSEL), FOR PETITIONER-APPELLANT.
STEVE FOLEY LAW FIRM, BUFFALO (KEVIN ARTHUR LANE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered April 9, 2021 in a proceeding pursuant to CPLR article 75. The order denied the petition seeking a permanent stay of arbitration. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent sustained injuries when the motor vehicle she was driving was struck by another motor vehicle. The vehicle that respondent was driving had been rented by another individual from a car dealership. Following the accident, respondent recovered the full policy limit from the insurer of the vehicle that had collided with the one she was operating. Thereafter, she submitted a claim for supplemental uninsured/underinsured motorist (SUM) benefits pursuant to a commercial garage policy issued to the car dealership by petitioner. Petitioner disclaimed coverage on the ground that respondent did not qualify as an insured under the policy's SUM endorsement. Respondent demanded arbitration with respect to her claim for SUM coverage. Petitioner commenced this proceeding under CPLR article 75 seeking a permanent stay of arbitration or, alternatively, a temporary stay of arbitration pending a framed-issue hearing. Supreme Court denied the petition. Petitioner appeals, and we affirm.
Contrary to petitioner's contention, the court properly denied the petition inasmuch as it was not supported by evidence in admissible form (see Matter of Global Liberty Ins. Co. v Abdelhaq, 36 AD3d 909, 910 [2d Dept 2007]; Matter of Atlantic Mut. Ins. Co. v Cooper, 247 AD2d 209, 209 [1st Dept 1998]; see generally Matter of Progressive Advanced Ins. Co. v Jordan, 171 AD3d 1553, 1553-1554 [4th Dept 2019]). Petitioner attached to the petition what it purported to be the commercial garage policy issued to the car dealership that contained the SUM endorsement at issue in this proceeding. However, the policy that petitioner attached to the petition was not certified or otherwise authenticated, and was therefore not in admissible form (cf. Calhoun v Midrox Ins. Co., 165 AD3d 1450, 1451 [3d Dept 2018]; see generally County of Erie v Gateway-Longview, Inc., 193 AD3d 1336, 1337 [4th Dept 2021]). The affirmation of petitioner's attorney does not render the policy admissible, inasmuch as the relevant portion of the affirmation is not based on the attorney's personal knowledge (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 210 [2d Dept 2019]; see generally Deronde Prods. v Steve Gen. Contr., 302 AD2d 989, 990 [4th Dept 2003]). Petitioner attempted to cure that evidentiary defect in its reply by attaching a certified copy of a policy issued by petitioner to the car dealership, but that policy differs from the policy that had been attached to the petition (cf. County of Erie, 193 AD3d at 1337; Calhoun, 165 AD3d at 1451 n). Under the circumstances of this case, we do not consider the evidence submitted by petitioner for the first time in reply (cf. Matter of Dusch v [*2]Erie County Med. Ctr., 184 AD3d 1168, 1169-1170 [4th Dept 2020]; Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 381-382 [1st Dept 2006]).
In light of our conclusion, petitioner's remaining contentions are academic.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court