Government Empls. Ins. Co. v Shlomo (2024 NY Slip Op 50456(U))

[*1]

Government Empls. Ins. Co. v Shlomo

2024 NY Slip Op 50456(U)

Decided on April 19, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 19, 2024
Supreme Court, Kings County

Government Employees Insurance Company, Petitioner,

against
Joseph Shlomo, Respondent, and GOEVEN JACQUES KHALDUN, YVETTE LARRIEUX, 
 LIBERTY MUTUAL INSURANCE COMPANY, SUSAN ARLICK, NINA P. STEIGELFEST AND ALLSTATE INSURANCE COMPANY, 
 Proposed Additional Respondents.

Index No. 531496/2022

Law Office of Katie W. Walsh, Melville (Adriana DiMaggio of counsel), for Petitioner.
Bruce S. Reznick, Brooklyn (Russell I. Reznik of counsel), for Respondent.
Paul C. Bierman, New York City, for Proposed Additional Respondent Allstate Insurance Company.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Petitioner GOVERNMENT EMPLOYEES INSURANCE COMPANY:
NYSCEF Doc No. 24: Notice of Motion for Reargument
NYSCEF Doc No. 25: Affirmation of Adriana DiMaggio in Support
NYSCEF Doc No. 26: Exhibit A — Notice of Petition, Petition to Stay Arbitration & Accompanying Documents Originally Submitted
NYSCEF Doc No. 27: Exhibit B — Evidence Establishing Settlement between Respondent and Liberty Mutual Insurance Company
NYSCEF Doc No. 28: Exhibit C — Interim Order, May 1, 2023
NYSCEF Doc No. 29: Exhibit D — Petitioner's Original Affirmation of Adriana DiMaggio in Reply
NYSCEF Doc No. 30: Exhibit E — Certified Declarations Page, March 10, 2018
NYSCEF Doc No. 31: Exhibit F — Letter from Russell I. Reznik & Copy of Declarations Page from Respondent, Sept. 2, 2022
NYSCEF Doc No. 32: Exhibit G — Order, May 4, 2023
NYSCEF Doc No. 33: Exhibit H — Notice of Entry of May 4, 2023 Order
NYSCEF Doc No. 34: Exhibit I — Affidavit of Robert Smid, GEICO Underwriter
NYSCEF Doc No. 35: Affidavit of Service of Motion Papers
Submitted by Proposed Additional Respondent ALLSTATE INSURANCE COMPANY:
NYSCEF Doc No. 36: Affirmation of Jeffrey Kadushin in Opposition
NYSCEF Doc No. 37: Exhibit 1 — Police Report
NYSCEF Doc No. 38: Exhibit 2 — Insurance Policy
NYSCEF Doc No. 39: Exhibit 3 — Evidence Establishing Settlement between Respondent and Allstate Insurance Company
Submitted by Respondent JOSEPH SHLOMO:
NYSCEF Doc No. 40: Stipulation of Adjournment
Submitted by Proposed Additional Respondent ALLSTATE INSURANCE COMPANY:
NYSCEF Doc No. 41: Stipulation of Adjournment
NYSCEF Doc No. 42: Affidavit of Service of Motion Papers
Submitted by Respondent JOSEPH SHLOMO:
NYSCEF Doc No. 43: Affirmation of Bruce S. Reznik in Opposition
NYSCEF Doc No. 44: Exhibit A — Transcript of May 4, 2023 Court Proceedings
NYSCEF Doc No. 45: Affirmation of Service of Motion Papers
Submitted by Petitioner GOVERNMENT EMPLOYEES INSURANCE COMPANY:
NYSCEF Doc No. 46: Reply Affirmation of Adriana DiMaggio in Support
NYSCEF Doc No. 47: Exhibit A — Transcript of May 4, 2023 Court Proceedings
NYSCEF Doc No. 48: Exhibit B — Evidence Establishing Settlement between Respondent and Allstate Insurance Company
NYSCEF Doc No. 49: Statement of Authorization for Electronic Filing
 I. Question Presented
Should Petitioner insurance company's petition to permanently stay SUM arbitration be granted on a motion to reargue a previous denial where the substantive arguments rely on newly submitted documents, a situation which is conducive to a motion to renew; Petitioner failed to comply with court rules mandating submission of the transcript of the prior proceedings; Petitioner did not schedule an EUO and IME; and Petitioner has already perfected an appeal of the order denying the petition?

II. Background & Arguments
The within dispute stems originally from a motor vehicle accident which took place on June 11, 2018, in Brooklyn, New York (see NYSCEF Doc No. 26, petition ¶ 5 at PDF 6 & police report at PDF 16-20). Respondent Joseph Shlomo was a passenger in a vehicle owned by Nina [*2]Steigelfest, operated by Susan Arlick, and insured by Allstate Insurance Company ("Allstate"), the latter three being named herein as Proposed Additional Respondents. The offending vehicle was owned by Yvette Larrieux, operated by Khaldun Jacques Goeven, and insured by Liberty Mutual Insurance Company ("Liberty Mutual"), the latter three also being named herein as Proposed Additional Respondents. The offending vehicle struck the one in which Respondent Shlomo was a passenger in the rear. (See NYSCEF Doc No. 26, police report at PDF 16-20.) Respondent Shlomo co-owned one or more motor vehicles which were insured by Petitioner Government Employees Insurance Company ("GEICO") (see NYSCEF Doc No. 30, declarations page at PDF 4).
Asserting a supplementary underinsured motorist ("SUM") claim against Petitioner GEICO since his personal vehicle insurance policy contained an SUM endorsement, Respondent Joseph Shlomo filed for SUM arbitration against Petitioner GEICO before the American Arbitration Association (see NYSCEF Doc No. 26, petition ¶¶ 3-5 at PDF 6 & SUM arbitration request at PDF 11-14). In response, Petitioner GEICO commenced the within special proceeding pursuant to CPLR 7503 (c) to permanently stay the arbitration or, in the alternative, temporarily stay it pending receipt of discovery (see NYSCEF Doc No. 26, notice of petition at PDF 2-5). The application for a permanent stay of arbitration was predicated on Respondent Shlomo having SUM coverage of $50,000 individual/$100,000 accident total, his having received $25,000 from Proposed Additional Respondent Liberty Mutual, there being available SUM coverage in the Allstate-insured vehicle's policy, and his GEICO policy requiring him to first exhaust coverage under the Allstate-insured vehicle's policy, it covering the vehicle he occupied (see NYSCEF Doc No. 26, petition ¶¶ 4-12 at PDF 6-8).
Respondent Joseph Shlomo opposed Petitioner GEICO's petition to stay arbitration, claiming that he had $100,000 individual/$300,000 accident total SUM coverage from GEICO, as per a declarations page he submitted, which was dated September 2, 2022 (see NYSCEF Doc No. 31, declarations page at PDF 4; NYSCEF Doc No. 47, transcript at 3-6), a date more than four years after the accident.
On May 4, 2023, this Court determined the petition as follows:
The petitioner, GEICO  well, let me start from the beginning. Mr. Shlomo was in an accident while  in a motor vehicle accident while occupying a vehicle that he did not own. Some of the defendants  some of the proposed additional respondents, their policy from Liberty Mutual was tendered providing $25,000. Mr. Shlomo seeks additional compensation as a result of this accident, so he is looking to SUM coverage.
So, a demand for arbitration was filed by him against GEICO. GEICO has brought up this proceeding claiming that Mr. Shlomo should have gone first to Allstate as the insurance company which insured the vehicle he occupied. The basis for GEICO making that argument is what they say is a provision in the policy, the particular policy which contains an order of priority seeking SUM coverage. GEICO is saying that this provision provides first, A, you go to the policy covering the occupied motor vehicle and then, B, you can go to the policy not involved in the accident under which the injured person is a named insured, i.e., GEICO.
The problem here is an evidentiary one because we don't have authenticated the policy that covered the date when the accident occurred which was June 11, 2018 and all the [*3]more so we need an authenticated copy of the policy to Mr. Shlomo, not a general GEICO policy all the more so because we have learned that there were two dec pages in the record, one from 2018 and one from 2022. So, I really don't know when the proffered policy from GEICO was even in effect, let alone who it pertained to, whether it pertained to Mr. Shlomo and the burden is on GEICO and it's a proper burden of proof especially when its it's own policy that it issued that it should submit into the record.
So, therefore, I would deny permanent staying  permanently staying the arbitration. However, petitioner GEICO is seeking alternatively a temporary stay of arbitration to enable it to obtain certain discovery as mentioned in its notice of petition. So, I'm going to grant that alternative relief.
So, arbitration will be stayed for 90 days and petitioner is entitled to receive the discovery that it mentioned in the notice of petition.
So, please settle a short form order and you can say it's granted. The petition is granted only to stay the arbitration for 90 days to enable petitioner to obtain and then copy what you asked for in your notice of petition.
(NYSCEF Doc No. 47, transcript at 11-12.)
The Court's May 4, 2023 order provided as follows: "Petitioner's petition is granted solely to the extent that the arbitration is stayed for 90 days for Respondent Joseph Shlomo to supply all medical records, all authorizations, [and] an EUO and IME" (NYSCEF Doc No. 32).
Presently, under a motion "permitting reargument of the order . . . dated May 4, 2023 denying portions [of] the Petition for a Stay of Arbitration [i.e., denying a permanent stay] (NYSCEF Doc No. 24, notice of motion)," Petitioner GEICO requests of this Court that it grant the relief it originally sought in the petition, i.e., to declare that Allstate's SUM coverage had higher priority than Petitioner GEICO's (NYSCEF Doc No. 25 ¶ 2 at PDF 8). Petitioner has submitted the individualized policy with Respondent Shlomo in effect at the time of the accident; it limited Respondent's coverage to $50,000 for an individual injured in an accident. Furthermore, it is now undisputed that Allstate Insurance Company and Liberty Mutual Insurance Company have each compensated Respondent Shlomo in the amount of $25,000 for a total of $50,000 in compensation (see NYSCEF Doc No. 46, DiMaggio reply aff ¶¶ 4, 8-10 at PDF 2-3); the Allstate payment was not before the Court back on May 4, 2023, when this matter was originally argued.[FN1]

Petitioner GEICO now maintains, "It is now abundantly clear that contrary to his counsel's representations to the court, Mr. Shlomo has received a total of $50,000 in combined settlements for the accident in question and has no basis to present any claim to GEICO for underinsured motorist coverage as . . . he has only $50,000 in coverage with GEICO" (id. ¶ 11 at [*4]PDF 4). In other words, once Respondent Shlomo received $50,000 from other insurance sources, he lacks a valid claim against Petitioner GEICO to seek compensation under its $50,000 per individual SUM coverage.
In opposition to Petitioner GEICO's motion to reargue, Respondent Shlomo argued that the motion should be denied because (a) GEICO failed to include a transcript of the May 4, 2023 proceedings in its own motion papers, in violation of an IAS Part 2 rule; (b) this Court did not overlook or misapprehend any law when it held that GEICO failed to properly authenticate its evidence as to the policy provisions in effect on the June 11, 2018 accident date; (c) the now-submitted affidavit of GEICO senior underwriter Robert Smid, authenticating the copy of the policy in effect on June 11, 2018 which was submitted on this motion, was not before this Court on May 4, 2023, and evidence not before the court previously may not be submitted on a motion to reargue; (d) GEICO has failed to schedule an EUO and an IME (as part of discovery which GEICO was granted in the May 4, 2023 order); and (e) GEICO is not prejudiced because it has already perfected an appeal of the May 4, 2023 appeal to the Appellate Division (see NYSCEF Doc No. 43, Reznick aff at 1).

 III. DISCUSSION
(A) Transcript Rule
This Court's IAS Part 2 Rules provide in pertinent part: "All motions for reargument or renewal shall include a transcript of the previously held oral argument and any decision rendered from the bench. If a decision was written it shall be included. This is all in addition to the submission of a copy of the order and/or judgment concerning which reargument or renewal is sought" (Hon. Aaron D. Maslow: Part 2 Rules, Part I, Subpart B, § 17, at 
https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml).
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. McGee v Bishop, 192 AD3d 1446 [3d Dept 2021] [page-limit for memoranda of law]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted on three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business."]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County [*5]1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
Respondent Shlomo argued, "Initially, all Your Honor's motions are argued on the record and petitioner failed to include a copy of the minutes from the oral argument. Thus, petitioner's motion should, most respectfully, be denied outright. In fact, Exhibit 'G' of the moving papers is a copy of the Decision and Order on the Motion which clearly states on the bottom 'Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken . . .' Petitioner failed to include a copy of the court proceedings." (NYSCEF Doc No. 43, Reznick aff at 1.)
In determining whether to enforce a court rule or excuse noncompliance with it, one should look at the rule's intent (see Mendola v Richmond OB/GYN Assoc., 191 Misc 2d 699 [Sup Ct, Richmond County 2002]). The purposes for a rule requiring that a transcript of the previous proceedings be submitted on a motion to reargue or renew include the following: "Without providing the court with a copy of the decision, this Court cannot render an informed decision on the merits of the prior decision" (Brick&Mortar LLC v Momo Sushi Inc., 2023 NY Slip Op 50838(U), *3). "This Court conducts motion proceedings on the record as a means of preserving oral argument should the need arise to consult it. Most often, decisions are rendered in open court on the record, followed by the issuance of a brief order. Reference to the decision on the record is an imperative to properly understand the reasons for this Court's determination." (Id.)
Here, Respondent Shlomo provided this Court with a copy of the transcript of the May 4, 2023 proceedings, which included the arguments and the Court's decision (see NYSCEF Doc No. 44, transcript). Therefore, there existed no independent purpose for Petitioner GEICO also submitting a copy.

 (B) Additional Evidence on Motion to Reargue Where Court Neither Erred Nor Misapprehended Law
Respondent Shlomo argued that this Court did not overlook or misapprehend any law when it held on May 4, 2023 that GEICO failed to properly authenticate its evidence as to the policy provisions in effect on the June 11, 2018 accident date. He also argued that the now-submitted affidavit of GEICO senior underwriter Robert Smid, authenticating the copy of the policy in effect on June 11, 2018 which was submitted on this motion, was not before this Court on May 4, 2023, and evidence not before the court previously may not be submitted on a motion to reargue. (See NYSCEF Doc No. 43, Reznick aff at 1).
When it held that Petitioner GEICO failed to properly authenticate an insurance policy entered into with Respondent Shlomo, this Court properly applied the law (see Matter of Global Liberty Ins. Co. v Abdelhaq, 36 AD3d 909, 910 [2d Dept 2007] [petitioner failed to submit copy of insurance policy into record and failed to submit evidence in admissible form that insured actually violated insurance contract]).
In Matter of All Am. Ins. Co. v Wilson, 207 AD3d 1124, 1124-1125 [4th Dept 2022], a case similar to the one at bar, the Court held:
Contrary to petitioner's contention, the court properly denied the petition inasmuch as it was not supported by evidence in admissible form (see Matter of Global Liberty Ins. Co. v Abdelhaq, 36 AD3d 909, 910 [2d Dept 2007]; Matter of Atlantic Mut. Ins. Co. v Cooper, 247 AD2d 209, 209 [1st Dept 1998]; see generally Matter of Progressive Advanced Ins. Co. v Jordan, 171 AD3d 1553, 1553-1554 [4th Dept 2019]). Petitioner attached to the petition what it purported to be the commercial garage policy issued to the car dealership that contained the SUM endorsement at issue in this proceeding. However, the policy that petitioner attached to the petition was not certified or otherwise authenticated, and was therefore not in admissible form (cf. Calhoun v Midrox Ins. Co., 165 AD3d 1450, 1451 [3d Dept 2018]; see generally County of Erie v Gateway-Longview, Inc., 193 AD3d 1336, 1337 [4th Dept 2021]). The affirmation of petitioner's attorney does not render the policy admissible, inasmuch as the relevant portion of the affirmation is not based on the attorney's personal knowledge (see Bank of NY Mellon v Gordon, 171 AD3d 197, 210 [2d Dept 2019]; see generally Deronde Prods. v Steve Gen. Contr., 302 AD2d 989, 990 [4th Dept 2003]).
"A motion to reargue . . . shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d]).
Therefore, Respondent Shlomo is correct in arguing that this Court did not overlook or misapprehend any law on May 4, 2023, when it held that GEICO failed to properly authenticate its evidence as to the policy provisions in effect on the June 11, 2018 accident date; also that the now-submitted affidavit of GEICO senior underwriter Robert Smid, authenticating the copy of the policy in effect on June 11, 2018 — not previously submitted to the Court — may not be submitted on this motion to reargue.
In essence, Petitioner GEICO's motion is not really one for leave to reargue but is for leave to renew. This error is not fatal to GEICO's claim, as "A motion for leave to renew or reargue is addressed to the sound discretion of the Supreme Court" (Kugler v Kugler, 174 AD3d 876, 877 [2d Dept 2019]). As such, this Court chooses to look past this procedural defect and exercise its discretion to consider the within motion. "Since the motion . . . was based upon new and additional proof it was one in the nature of renewal, not reargument, and this court will look beyond the misnomer, to review it on the merits" (Castro v Liberty Bus Co., 79 AD2d 1014, 1015 [1981] [citations omitted]). As stated in another decision of the Appellate Division, "Under the circumstances of this case, the court did not err by, in effect, treating the plaintiff's motion as one for renewal (see, CPLR 2221; Friedman v U-Haul Truck Rental, 216 AD2d 266; Turkel v I.M.I. Warp Knits, 50 AD2d 543)" (Transport Towing, Inc. v Rad Oil Co., 257 AD2d 569, 569-570 [2d Dept 1999]).
"Most courts facing the problem have ignored a mislabeling of a motion for reargument or renewal and simply treated the motion under the proper umbrella" (Patrick M. Connors, Prac Commentaries, McKinney's Cons Law of NY, CPLR C2221:7). This Court likewise does so and deems Petitioner GEICO's motion to reargue to be one for renewal.
"The requirement that a motion for renewal be based on new facts is a flexible one, and it is within the court's discretion to grant renewal upon facts known to the moving party at the time of the original motion 'if the movant offers a reasonable excuse for the failure to present those facts on the prior motion' (Matter of Surdo v Levittown Pub. School Dist., 41 AD3d 486, 486 [*6][2007]; Heaven v McGowan, 40 AD3d 583, 586 [2007])" (Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566 [2d Dept 2010] [misidentification of witness on police report resulted in delay in locating him]).
A reasonable excuse may include the failure to submit evidence on the original motion in admissible form, as in Defina v Daniel (140 AD3d 825, 826 [2d Dept 2016]):
The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to renew. "CPLR 2221 (e) has not been construed so narrowly as to disqualify, as new facts not offered on the prior motion, facts contained in a document originally rejected for consideration because the document was not in admissible form" (Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 972 [2012]). Here, the inadvertent mistake of the plaintiff's attorney in including the unnotarized statement of the chiropractor with the plaintiff's opposition papers, rather than the notarized affidavit, was tantamount to law office failure and constituted a reasonable justification for the plaintiff's failure to provide the affidavit to the court in opposing the original motion (see Hackney v Monge, 103 AD3d 844, 845 [2013]; Brightly v Dong Liu, 77 AD3d 874 [2010]; cf. Doumanis v Conzo, 265 AD2d 296 [1999]).
Similarly, in Lauer v Rapp (190 AD2d 778 [2d Dept 1993]), the Supreme Court denied a motion for renewal where an affidavit was submitted in place of an affirmation. The affiant was an attorney who was a party so he needed an affidavit, rather than an originally-submitted affirmation. The Appellate Division reversed, holding that the Supreme Court improvidently exercised its discretion to deny the motion to renew. (See id.; accord Darwick v Paternoster, 56 AD3d 714 [2d Dept 2008] [affirmation now affirmed under penalties of perjury]; DeLeonardis v Brown, 15 AD3d 525 [2d Dept 2005] [party dentist affidavit replaced affirmation]; Gillis v Toll Land XIII Ltd. Partnership, 309 AD2d 734 [2d Dept 2003] ["procedural defect" corrected]; Wester v Sussman, 304 AD2d 656 [2d Dept 2003] [party attorney affidavit replaced affirmation].)
In Simpson v Tommy Hilfiger U.S.A., Inc. (48 AD3d 389 [2d Dept 2008]), the Appellate Division reversed Supreme Court's denial of a motion to renew and reargue, where Supreme Court had held that an affidavit, now properly notarized, could have been submitted on the original motion. The Appellate Division held that while the now correctly notarized affidavit did not represent newly-discovered evidence, such circumstance did not disqualify the motion as one to renew because counsel provided reasonable justification for failing to offer it previously (see id. at 391).
This Court indeed is taking into account the affidavit of GEICO senior underwriter Robert Smid, who attested that, as per the submitted certified declarations page, Respondent Shlomo had SUM coverage from GEICO with a limit of $50,000/$100,000 on the accident date of June 11, 2018, the period of the coverage in effect being March 3, 2018 to September 3, 2018 (see NYSCEF Doc No. 34, Smid aff4-5 at PDF 2-3 & declarations page at PDF 38-39). The higher limits claimed by Respondent Shlomo ($100,000/$300,000) were not in effect then (see id. 6 at PDF 3). Evidently, Petitioner committed law office failure when it submitted its petition, attaching an unauthenticated insurance policy not particularized to Respondent Shlomo and lacking the respective declarations page (see Defina v Daniel, 140 AD3d 825). Likewise, the [*7]Court finds law office failure in Petitioner GEICO's not having submitted the declarations page in effect on the accident date as an exhibit to the petition; its submission with the original reply, however, did comply with this Court's May 1, 2023 interim order (see NYSCEF Doc No. 28, May 1, 2023 interim order ["Petitioner and Respondent are ordered to submit into the record an authenticated copy of the subject insurance policy's declarations page evidencing the amount of SUM and UM coverage."]; NYSCEF Doc No. 29, declarations page at PDF 8-9). Therefore, based on the case law cited supra at 7-9, this Court finds that the now-submitted evidence from Petitioner GEICO definitively supports its position.
Petitioner GEICO has established clearly that Respondent Shlomo received $50,000 in compensation for personal injuries sustained in the June 11, 2018 motor vehicle accident. Documents originally from Shlomo's counsel prove that Liberty Mutual Insurance Company paid Shlomo $25,000 (see NYSCEF Doc No. 27, Respondent's Counsel's Correspondence with Liberty Mutual Insurance Company). Documents from Allstate Insurance Co. prove that it paid him $25,000 also (see NYSCEF Doc No. 39, Respondent's Counsel's Correspondence with Allstate Insurance Company). Petitioner GEICO covered Respondent Shlomo with $50,000 in SUM insurance (see NYSCEF Doc No. 34, Smid aff4-5 at PDF 2-3 & declarations page at PDF 38-39). That coverage was available only to provide compensation if Shlomo did not yet receive $50,000. As the GEICO policy provides, an insured is entitled to SUM compensation only up to the maximum of such coverage, and the priority in seeking compensation must first be exhausted under other policies, including that of the tortfeasor and that of the vehicle being occupied when injured (see NYSCEF Doc No 26, petition 8 at PDF 7; NYSCEF Doc No. 34, insurance policy at PDF 18-19).
Since Respondent Shlomo received $50,000 in compensation from other sources, he is not entitled to any from Petitioner GEICO. His arguments to the contrary constitute an attempt to exploit procedural miscues on Petitioner GEICO's part in order to obtain a windfall.

(C) GEICO'S Failure to Schedule an EUO and IME
In his opposition, Respondent Shlomo argues that the motion for leave to reargue should be denied outright because Petitioner GEICO did not schedule an EUO and IME of him, despite the opportunity to so per the Court's May 4, 2023 order (see NYSCEF Doc No. 43, Reznick aff at 1). If a party is afforded a right to discovery but elects not to pursue it, it may be deemed waived (see Stopnik v Rose Nederlander Assoc., Inc., 262 AD2d 1 [1st Dept 1999]), but this has no bearing on the issue of available SUM coverage (see Richards v Pierre, 81 Misc 3d 1214[A], 2023 NY Slip Op 51338[U] [Sup Ct, Kings County 2023] [failure to attend IME irrelevant to issue of liability]).

(D) GEICO's Perfection of Appeal of May 4, 2023 Order
Respondent Shlomo's final argument in opposition to Petitioner GEICO's motion to reargue is that "there is no prejudice to the petitioner since they have already filed their appellate brief. . ." (NYSCEF Doc No. 43, Reznick aff at 1). However, Petitioner GEICO's motion for reargument was timely made (see CPLR 2221 [d] [3]). It was not made after the time for filing an appeal from a final judgment had expired (cf. Matter of Huie [Furman], 20 NY2d 568 [1967]; [*8]Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364 [2d Dept 2000]). Nothing prevents a party from both appealing and moving for leave to reargue or renew (see Patrick M. Connors, Prac Commentaries, McKinney's Cons Law of NY, CPLR C2221:9C). The practice of parties appealing a trial court determination and moving for leave to reargue or renew is so widespread that Respondent Shlomo's argument on this point is truly without merit.

 IV. CONCLUSION
This Court answers in the affirmative the question posed at the outset (supra at 2): "Should Petitioner insurance company's petition to permanently stay SUM arbitration be granted on a motion to reargue a previous denial where the substantive arguments rely on newly submitted documents, a situation which is conducive to a motion to renew; Petitioner failed to comply with court rules mandating submission of the transcript of the prior proceedings; Petitioner did not schedule an EUO and IME; and Petitioner has already perfected an appeal of the order denying the petition?"
Accordingly, it is ORDERED and ADJUDGED that Petitioner Government Employees Insurance Company's motion seeking leave to reargue this Court's May 4, 2023 order is deemed a motion for leave to renew; the said motion is GRANTED; upon renewal, Petitioner Government Employees Insurance Company's petition is GRANTED; and, pursuant to CPLR 7503 (c), Respondent Joseph Shlomo's demand for arbitration before the American Arbitration Association of his claim for SUM compensation from Petitioner Government Employees Insurance Company is permanently stayed.
Any issue as to the status of Proposed Additional Respondents as parties is rendered academic.
A copy of this decision, order, and judgment shall be served by Petitioner Government Employees Insurance Company upon the American Arbitration Association and proof of such service shall be filed with the County Clerk electronically via the NYSCEF case filing system.
E N T E R

Footnotes

Footnote 1:. Petitioner GEICO writes that Respondent Shlomo and Allstate settled Shlomo's claim for SUM liability for $25,000, and that this was not disclosed by Shlomo's attorney at the May 4, 2023 oral argument. Petitioner GEICO quotes the attorney's statement at oral argument: "But there has to be available coverage for a client. They [GEICO] are saying he only collected 25,000 since Allstate has 50,000 SUM we can't get the extra $25,000. . . . 50 less the setoff of 25,000. My client only collected 25,000." (NYSCEF Doc No. 46, DiMaggio reply aff ¶ 10 at PDF 3-4).